DECISION AND JOURNAL ENTRY
Appellant-defendant Danny Burrows appeals from his conviction in the Elyria Municipal Court for persisting in disorderly conduct. This Court affirms.
On July 2, 1998, Burrows was convicted on one count of persisting in disorderly conduct, a fourth-degree misdemeanor in violation of R.C. 2917.11(A)(2). The trial court sentenced Burrows to pay a $250 fine, to pay court costs, and to serve thirty days in jail, with twenty-eight days suspended. Burrows timely appealed. However, on March 16, 1999, this Court dismissed Burrows' appeal for failure to respond to an order requiring transmission of the record. Thereafter, after discovering that his appeal had been dismissed and that his initial appellate counsel had been indefinitely suspended from the practice of law, Burrows obtained new counsel and moved to reopen his appeal based on ineffective assistance of appellate counsel. This Court allowed the appeal to be reopened on July 30, 1999.
On appeal, Burrows asserts four assignments of error:
 Assignment of Error No. I The trial court erred in finding appellant guilty as there was insufficient evidence of his guilt to sustain a guilty verdict.
 Assignment of Error No. II
 The trial court erred in finding appellant guilty as the verdict was against the manifest weight of the evidence.
 Assignment of Error No. III
 Appellant's Due Process rights were abridged when he received ineffective assistance of counsel.
 Assignment of Error No. IV
 The trial court erred in finding appellant guilty of disorderly conduct and then sentencing appellant based on disorderly conduct, persisting.
In his four assignments of error, Burrows relies upon a transcript of the videotaped proceedings below in order to demonstrate the alleged errors; the videotape has not been forwarded to this Court on appeal. Because the validity of this transcript is ultimately determinative of Burrow's appeal, this Court must address at the outset the deficiencies of the purported transcript.
Utilizing on appeal a transcript of videotaped proceedings is addressed in Loc.R. 5(A)(2)(b), which provides:
 In appeals of proceedings that are attended by an official court reporter, the transcript of proceedings, whether in written or videotaped form, must be certified by the reporter and filed with the clerk of the trial court. Pursuant to App.R. 9(A), a videotape recording of a proceeding that has been certified by the official court reporter may constitute the transcript of proceedings without being transcribed into written form; the parts of a videotape transcript necessary for the court to determine the question presented, however, must be typed or printed and appended to the appellant's brief. * * *
 In the instant case, the purported transcript was transcribed by a court reporter from a videotape of the proceedings below. Both the certification accompanying the transcript and Burrows' brief in support of his September 8, 1999 motion for extension of time to file the record in this Court indicate that the court reporter who transcribed the videotape is part of a private court reporting service. Nothing in the record indicates that the court reporter is acting as the official court reporter for the Elyria Municipal Court. Therefore, Loc.R. 5(A)(2)(b) is inapplicable, and Burrows should have proceeded under Loc.R. 5(A)(2)(a), which provides:
 In appeals of proceedings not attended by an official court reporter, regardless of the means by which the proceedings are recorded, the appellant shall proceed under App.R. 9(C) or 9(D). A statement pursuant to App.R. 9(C) or 9(D) must be in written form and approved by the trial court.
(Emphasis added.) Because the record fails to indicate that the trial court has approved the transcript pursuant to App.R. 9(C) or (D), this Court cannot consider the transcript as part of the record. As a result, this Court is bound by the Supreme Court of Ohio's mandate that, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Knapp v. EdwardsLaboratories (1980), 61 Ohio St.2d 197, 199.
Accordingly, the judgment of the Elyria Municipal Court is affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Elyria Municipal Court, County of Lorain, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
 ___________________________ DONNA J. CARR
BAIRD, P.J., WHITMORE, J., CONCUR.